**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Guadalupe Mora individually and on behalf of other similarly situated employees, Plaintiff
v.
Taqueria Limited Partnership dba De Cero, and Angela Lee, individually, Defendants

## COMPLAINT

Guadalupe Mora ("Plaintiff"), individually, and on behalf of other employees similarly situated (collectively "employees"), pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Taqueria Limited Partnership dba De Cero ("De Cero"), and Angela Lee (collectively, "Defendants"), and states:

### Introduction

1. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurant commonly known as De Cero located at 812-816 West Randolph Street, Chicago, Illinois.

2. Plaintiff is Defendants' former employee. Plaintiff and other similarly situated employees were not paid their earned overtime wages as required by the FLSA and IMWL.

3. Defendants maintained and enforced a policy of paying Plaintiff and employees with two separate checks for one bi-weekly pay period in an attempt to conceal Defendants' obligation to pay earned overtime wages.

4. Defendants recorded and maintained electronic records of the hours worked by Plaintiff and employees, but despite knowledge that Plaintiff and employees worked more than forty (40)

hours per week, Defendants willfully failed to pay Plaintiff and employees their earned overtime wages.

## Jurisdiction and Venue

5. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

6. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

7. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

8. Defendants owned and operated their restaurant within the three years preceding the filing of this complaint.

9. De Cero is an enterprise under 29 U.S.C. § 203(r)(1).

10. De Cero is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. De Cero' annual gross sales were $500,000.00 or more during the last three years.

12. Angela Lee resides in and is domiciled in this judicial district.

13. Angela Lee is also known as Angela M. Hepler-Lee.

14. Angela Lee is an experienced restaurateur that owns several other restaurants.

15. Angela Lee is the owner of De Cero and is involved in the day-to-day business operations and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

16. Defendants were Plaintiff's employers as defined by the FLSA and IMWL.

17. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

18. Defendants maintained records of all hours that Plaintiff and employees worked.

19. Defendants maintained records of all wages paid to Plaintiffs and employees.

20. Plaintiff worked for Defendants from approximately June 2011 to June 2017.

21. Plaintiff worked as a line cook for Defendants during the relevant employment period.

22. Plaintiff worked over forty (40) hours weekly during the relevant employment period.

23. Defendants paid Plaintiff and employees their regular rate for all hours worked each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

24. Plaintiff incorporates all paragraphs above as if fully restated below.

25. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

26. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

27. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

28. Defendants did not pay Plaintiff and employees their earned overtime wages at a rate of one and one-half the regular rate for all hours worked over forty (40) each week.

29. Plaintiff's wages were not based on the number of jobs performed or completed.

30. Plaintiff's wages were not based on the quality or efficiency of job performance.

31. Plaintiff was not exempt from the overtime provisions of the FLSA.

32. Defendants' failure to pay overtime wages violated the FLSA.

33. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff and employees their regular rate of pay for all hours worked despite knowing that Plaintiff and employees worked more than forty (40) hours per pay period.

34. Defendants' FLSA violation were willful because they maintained a scheme of paying Plaintiff and employees with two separate checks for one bi-weekly pay period in an attempt to conceal Defendants' obligation to pay earned overtime wages.

35. Defendants knew that Plaintiff and employees worked more than forty (40) hours per pay period because Defendants recorded hours worked by Plaintiff and employees.

36. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendants to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

37. Plaintiff incorporates all paragraphs above as if fully restated below.

38. This Count arises from Defendants' failure to pay Plaintiff and employees all earned overtime wages.

39. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

40. Plaintiff was not exempt from overtime wages.

41. Defendants directed Plaintiff and employees to work more than forty (40) hours weekly.

42. Plaintiff and employees worked more than forty (40) hours weekly.

43. Defendants failed to pay Plaintiff and employees their earned overtime wages.

44. Defendants violated the IMWL by failing to pay Plaintiff and employees their earned overtime wages.

45. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' IMWL violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Tuesday, June 27, 2017.

**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com